### THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

| | |
|---|---|
| **PINNACLE PROPERTIES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GUARANTEED RATE, INC.;** ) | **No.: 1:23-cv-00198** |
| **the Real Property improvements,** ) | |
| **real and personal property and the** ) | |
| **fixtures located in 27900 N. Main** ) | |
| **Street, Daphne, AL 36526, more fully** ) | |
| **described herein, in rem; and** ) | |
| **fictitious defendants A-F, being the** ) | |
| **individuals and entities who have an** ) | |
| **interest in the subject matter of this** ) | |
| **Complaint** ) | |
| ) | |
| **Defendants** ) | |

### ANSWER

Defendant Guaranteed Rate, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its answer to the Amended Complaint of Plaintiff Pinnacle Properties, LLC ("Plaintiff").

For its response to the specifically enumerated paragraphs of Plaintiff's Amended Complaint, Defendant states as follows:

1.    Upon information and belief, Defendant admits the allegations of paragraph 1.

2.      Defendant admits the allegations of paragraph 2.

3.      The allegations of paragraph 3 are not directed at this Defendant and, accordingly, no response is required.

4.      The allegations of paragraph 4 are not directed at this Defendant and, accordingly, no response is required.

5.      In response to the allegations of paragraph 5, Defendant admits only that jurisdiction is proper in this Court and that the real property underlying this Action is located in Baldwin County, Alabama.  Defendant otherwise denies the allegations of paragraph 5 and demands strict proof thereof.

6.      In response to the allegations of paragraph 6, Defendant admits only that venue is proper in this Court.  Defendant otherwise denies the allegations of paragraph 6 and demands strict proof thereof.

7.      The Commercial Lease referenced in paragraph 7 is a written document that speaks for itself, and Defendant denies any allegations inconsistent with the Commercial Lease.

8.      In response to the allegations of paragraph 8, Defendant states that it complied with the terms of the Commercial Lease at all times and states that the letter referenced in paragraph 8 and attached to the Amended Complaint as Exhibit A is a written document that speaks for itself.  Defendant denies the allegations of

paragraph 8 to the extent that they conflict with the foregoing and demands strict proof thereof.

9.    Defendant denies the allegations of paragraph 9 and demands strict proof thereof.

10.    Defendant denies the allegations of paragraph 10 and demands strict proof thereof.

11.    Defendant denies the allegations of paragraph 11 and demands strict proof thereof.

## COUNT ONE
## DECLARATORY JUDGMENT

12.    Defendant incorporates its responses to the preceding paragraphs.

13.    Defendant denies that Plaintiff is entitled to the relief requested in paragraph 13 or any relief whatsoever.

## COUNT TWO
## PRELIMINARY AND PERMANENT INJUNCTION

14.    Defendant incorporates its responses to the preceding paragraphs.

15.    Defendant denies the allegations of paragraph 15 and demands strict proof thereof.

In response to the WHEREFORE paragraph following paragraph 15, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

3

## AFFIRMATIVE DEFENSES

Defendant asserts the following additional defenses. Discovery and investigation of this case are not yet complete, and Defendant reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate.   In further answer to the Amended Complaint, and by way of additional defenses, Defendant avers as follows:

### FIRST DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that Plaintiff has been injured or damaged by Defendant and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any of the relief sought in the Amended Complaint.

### THIRD DEFENSE

Plaintiff failed to mitigate its damages.

### FOURTH DEFENSE

Defendant pleads the defenses of laches, acquiescence, ratification, statute of frauds, repose, res judicata, waiver, set-off, illegality, fraud, parol evidence, impossibility of performance, payment, judicial estoppel, and collateral estoppel.

4

### FIFTH DEFENSE

Defendant did not breach any duty or obligation allegedly owed to Plaintiff.

### SIXTH DEFENSE

Plaintiff's claims are barred because Defendant performed its obligations and/or Plaintiff rendered it impossible for Defendant to perform its obligations. Plaintiff's claims are also barred because Plaintiff failed to perform its obligations.

### SEVENTH DEFENSE

Defendant is not the proximate or actual cause of any damages suffered or incurred by Plaintiff.

### EIGHTH DEFENSE

Defendant pleads the defenses of release, and accord and satisfaction.

### NINTH DEFENSE

Plaintiff's claims are barred by the terms and conditions of the contracts that are the subject of this lawsuit.

Respectfully submitted on this the 2nd day of June, 2023.

*/s/ Grant A. Premo*

Keith S. Anderson
Grant A. Premo
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
gpremo@bradley.com

*ATTORNEYS FOR GUARANTEED RATE, INC.*

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I filed a copy of the foregoing using the ECF/PACER System, which will provide notice to the following:

James Pittman
JAMES B. PITTMAN, JR., P.C.
P.O. Box 2525
Daphne, AL 36526
Telephone: (251)626-7704
Fax: (251)626-8202
james@jbplaw.com
jarcher@jpblaw.com

*/s/ Grant A. Premo*
OF COUNSEL

6