# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **PINNACLE PROPERTIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GUARANTEED RATE, INC.;** | ) | |
| **the Real Property improvements,** | ) | **No.: 1:23-cv-00198** |
| **real and personal property and the** | ) | |
| **fixtures located in 27900 N. Main** | ) | |
| **Street, Daphne, AL 36526, more fully** | ) | |
| **described herein, in rem; and** | ) | |
| **fictitious defendants A-F, being the** | ) | |
| **individuals and entities who have an** | ) | |
| **interest in the subject matter of this** | ) | |
| **Complaint** | ) | |
| | ) | |
| **Defendants** | ) | |

## DEFENDANT GUARANTEED RATE, INC.'S COUNTERCLAIM AGAINST PLAINTIFF PINNACLE PROPERTIES, LLC

Defendant Guaranteed Rate, Inc. ("Defendant"), by and through its undersigned counsel, and files its Counterclaim against Plaintiff/Counter-Defendant, Pinnacle Properties, LLC ("Plaintiff").

### PARTIES & JURISDICTION

1.      This matter concerns Defendant Guaranteed Rate's termination of a commercial lease agreement with Plaintiff Pinnacle Properties, LLC.

2. This Court has jurisdiction under 28 U.S.C § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

### FACTUAL ALLEGATIONS

3. In December 2021, Plaintiff and Defendant entered into a commercial lease agreement (the "Lease") for the property located at 27900 N. Main Street, Suite 4, Daphne, Alabama 36526 ("the Property"). *See* Ex. A.

4. The Lease provided for a total monthly rent of $4,363.12 to be paid by Defendant. *Id.*

5. Under the "Lease Termination" provision of the Lease, the Lease automatically terminated on December 31, 2024. However, Defendant had the right to terminate the Lease by providing ninety (90) days written notice of termination to Plaintiff and paying a termination fee. *Id.*

6. The termination provision in the Lease defined the termination fee as "three (3) months of [Defendant's] then in effect Gross Rent plus unamortized [Plaintiff] costs associated with the lease." *Id.*

7. On January 23, 2023, Defendant exercised its termination right by sending a written termination notice to Plaintiff via e-mail. *See* Ex. B (the "Termination Notice").

8. In the cover e-mail Defendant sent to Plaintiff, which enclosed the termination notice, Defendant provided Plaintiff with its good-faith estimate of the termination fee and asked Plaintiff to**: "1) confirm the total amount of the termination fee owed including any unamortized costs and 2) confirm the best address for us to mail a check for this fee."** *Id.* (emphasis in original). *See* Ex. C.

9.    Plaintiff did not respond to Defendant's request to confirm the termination fee and provide the amount of the unamortized costs, which only Plaintiff could provide.

10.    Defendant followed up with Plaintiff attempting to obtain the necessary information on January 31, 2023, February 10, 2023, February 24, 2023, and March 7, 2023. *See* Exs. C, D.

11.    Plaintiff never provided or confirmed the amount of the termination fee in response to Defendant's requests.

12.    Plaintiff completely ignored Defendant's requests related to the termination until March 20, 2023. On that date, Plaintiff notified Defendant that it was refusing to acknowledge Defendant's termination notice and demanded that Defendant continue paying the monthly rental through December 2024. Plaintiff's refusal to accept the termination was purportedly based on the claim that Defendant had not submitted the termination fee. However, Plaintiff refused Defendant's repeated request to provide the amount of the fee or instructions on where to send the fee. *See* Ex. E.

13.    Plaintiff fabricated this pretense for rejecting the termination in order to extract more money out of Defendant than Plaintiff was entitled to under the termination provision in the Lease.  This objective is made clear by Plaintiff's statements in its March 20, 2023 letter: "If [Defendant] would like to discuss a lump sum lease buyout or a modification to the Lease, whereby the lease rate is discounted in consideration for a longer term, [Plaintiff] would be willing to consider that." Ex. E.

14.    Plaintiff never intended to comply with the terms of the Termination Provision.

15.    On March 29, 2023, Defendant again requested that Plaintiff provide the amount of the termination fee and the address to where the fee should be sent. As with Defendant's

previous requests, Plaintiff never provided this information and ignored Defendant's follow-up requests. *See* Exs. F, G.

16.    On April 3, 2023, Defendant mailed a check for $13,089.36 for the termination fee to Plaintiff's counsel, representing three months rent, consistent with the Termination Provision. *See* Ex. H

17.    On April 13, 2023, Plaintiff reiterated that Defendant's Termination Notice purportedly was invalid, and the Lease remained in effect until December 31, 2024. *See* Ex. G.

18.    On April 20, 2023, after improperly rejecting Defendant's termination and repeatedly refusing to provide the termination amount, Plaintiff filed its Complaint in this Action, seeking to effectively invalidate the termination provision in the Lease and instead force Defendant to pay the Lease through December 2024.

## COUNT I
## BREACH OF CONTRACT

19.    Defendant repeats and realleges the allegations contained in Paragraphs 1 through 18 as if set forth fully herein.

20.    The Lease is a binding contract between Plaintiff and Defendant.

21.    In accordance with the Lease, Defendant exercised its right to terminate the contract before December 31, 2024, by providing Plaintiff with written notice of its intent to terminate the Lease.

22.    Defendant made multiple requests to Plaintiff to determine the proper amount of the termination fee in order to comply with the terms of the Lease, all of which were ignored by Plaintiff.

23. Because the amount of the termination fee prescribed in the Lease was for three (3) months of Tenant's Gross rent "plus unamortized Landlord costs," only Plaintiff could provide or confirm the portion of the termination fee attributable to "Landlord costs."

24. Plaintiff refused to provide Defendant with the amount of the unamortized Landlord costs," so Defendant remitted payment of $13,089.36 to cover the termination fee, in compliance with the Lease.

25. Even after receiving the payment, Plaintiff refused to accept Defendant's termination and filed the instant Action alleging that Defendant's termination was invalid.

26. Plaintiff's actions breached the Lease.

27. As a result of Plaintiff's breach, Plaintiff contends that Defendant has incurred excess liability on the Lease and Defendant has incurred other costs and expenses.

WHEREFORE, PREMISES CONSIDERED, Defendant demands a judgment against Plaintiff for compensatory damages, costs, attorneys' fees, and for such other and further relief to which Defendant is entitled, in law and equity.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

28. Defendant repeats and realleges the allegations contained in Paragraphs 1 through 27 as if set forth fully herein.

29. Alabama recognizes the general rule that "every contract does imply [an obligation of] good faith and fair dealing." *Hoffman–La Roche, Inc. v. Campbell*, 512 So. 2d 725, 738 (Ala. 1987). The intent of the covenant is to ensure that "a contracting party shall not try to deprive the other of the consideration for which he bargained." *Id.*

30. Plaintiff owed Defendant a duty of good faith and fair dealing with regard to the Lease.

31.    Plaintiff failed to act in good faith.

32.    The Lease provided the right for Defendant to terminate the Lease before December 31, 2024 subject to the provision of ninety (90) days written notice and payment of the applicable termination fee.

33.    Plaintiff's actions surrounding Defendant's termination of the Lease, including, but not limited to, Plaintiff's refusal to provide or confirm the amount of the termination fee to Defendant, interfered with Defendant's ability to exercise its termination right provided in the Lease and breached the covenant of good faith and fair dealing.

34.    Plaintiff's actions in this regard deprived Defendant of the consideration it bargained for in the Lease.

35.    Plaintiff breached the termination provision of the Lease by refusing to accept Defendant's termination.

36.    As a result of Plaintiff's breach of the covenant of good faith and fair dealing, Plaintiff contends that Defendant has incurred excess liability on the Lease and Defendant incurred other costs and expenses.

WHEREFORE, PREMISES CONSIDERED, Defendant demands a judgment against Plaintiff for compensatory damages, costs, attorneys' fees, and for such other and further relief to which Defendant is entitled, in law and equity.

**COUNT III**
**WANTONNESS**

37.    Defendant repeats and realleges the allegations contained in Paragraphs 1 through 36 as if set forth fully herein.

38.    Plaintiff had a duty to act in good faith with regard to Defendant's termination of the Lease.

39. Plaintiff knowingly rejected Defendant's termination and breached that duty, knowing that Plaintiff's actions would cause Defendant harm.

40. Plaintiff never intended to honor the Termination Provision in the Lease.

41. Plaintiff's excuse for rejecting Defendant's termination was a pretense, designed to be used by Plaintiff as leverage to try to extract additional sums of money from Defendant that Plaintiff was not entitled to under the terms of the Lease.

42. As a result of Plaintiff's wanton conduct,  Plaintiff contends that Defendant has incurred excess liability on the Lease and Defendant incurred other costs and expenses.

WHEREFORE, PREMISES CONSIDERED, Defendant demands a judgment against Plaintiff for compensatory damages, punitive damages, costs, attorneys' fees, and for such other and further relief to which Defendant is entitled, in law and equity.

## COUNT IV
## DECLARATORY JUDGMENT

43. Defendant repeats and realleges the allegations contained in Paragraphs 1 through 42 as if set forth fully herein.

44. The Lease is a binding contract between Plaintiff and Defendant.

45. In accordance with the Lease, Defendant exercised its right to terminate the Lease before December 31, 2024, by providing Plaintiff with written notice of its intent to terminate the Lease.

46. Defendant made multiple requests to Plaintiff to determine the proper amount of the termination fee in order to comply with the terms of the Lease, all of which were ignored by Plaintiff.

47.     Because the amount of the termination fee prescribed in the Lease was for three (3) months of Tenant's Gross rent "plus unamortized Landlord costs," only Plaintiff could provide or confirm the amount of the termination fee.

48.     Despite its requests for the termination fee amount being ignored by Plaintiff, Defendant remitted payment of $13,089.36 to comply with the terms of the contract based on the information available to it to cover the termination fee.

49.     Plaintiff still refused to accept Defendant's termination, instead filing the instant action alleging that Defendant's termination was invalid.

50.     An actual controversy exists between Plaintiff and Defendant, who have adverse legal interests.

WHEREFORE, PREMISES CONSIDERED, Defendant seeks a declaration from the Court as follows, pursuant to the court's authority in law and equity:

A.  The Lease is a binding agreement between Plaintiff and Defendant.

B.  The Termination Provision in the Lease is binding on Plaintiff and Defendant.

C.  Defendant properly exercised its rights under the Termination Provision and has fulfilled its obligations under the Lease by providing notice to Plaintiff of the termination and submitting a check to Plaintiff for $13,089.36.

D.  The Lease is terminated pursuant to the Termination Provision and Defendant's acts effective January 23, 2023.

E.  Plaintiff waived any and all right to any additional amounts under the Lease.

### **PRAYER FOR RELIEF**

Defendant Guaranteed Rate, Inc. respectfully requests that this Court grant the following relief:

1. Judgement in its favor against Plaintiff on all counts of the Counterclaim;

2. A declaration that Defendant's termination of the Lease was valid, as set forth above;

3. Compensatory damages;

4. Punitive damages;

5. Costs and expenses;

6. Attorneys' fees; and

7. Such other further relief as the Court deems just and proper.

Respectfully submitted this 14th day of September 2023.

*s/ Grant A. Premo*

Keith S. Anderson
Grant A. Premo
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-000
Facsimile: (205) 488-6401
ksanderson@bradley.com
gpremo@bradley.com

*Attorneys for Guaranteed Rate, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Pittman
JAMES B. PITTMAN, JR. P.C.
P.O. BOX 2525
Daphne, AL 36526
Telephone: (251) 626-7704
Fax: (251) 626-8202
james@jbplaw.com
jarcher@jpblaw.com

                                                    *s/Grant A. Premo*
                                                    OF COUNSEL