# EXHIBIT A

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

STATE OF ALABAMA

COUNTY OF BALDWIN

COMMERCIAL

# COMMERCIAL LEASE

This lease is made this the 1st day of January, 2022, by and between **PINNACLE PROPERTIES, LLC & Pritchett Moore Inc.** ("Lessor") and **GUARANTEED RATE, INC.**, jointly and individually ("Lessee").

The Agent for the Lessor is Pinnacle Properties, LLC. ("Agent")

**DESCRIPTION:** That the Lessor does hereby demise and let unto the Lessee the following described real property in Baldwin County, Alabama, to-wit, together with improvements thereon ("Premises") commonly known as: Baypointe Shopping Center, 27900 North Main Street, Suite 4, Daphne, AL 36526, encompassing 1,795 square feet.

For continuous use and occupancy by the Lessee as Guaranteed Rate, Inc. and for no other different use or purpose.

**TERM:** For and during the term of 36 Months, beginning on the 1st day of January, 2022 and ending on the 31st day of December 2024.

**IN CONSIDERATION WHEREOF**, the Lessee promises and agrees to pay the Lessor, or Agent, at the Office of Agent, as fixed minimum rent for the Premises for the whole term hereunder, the sum of forty-four thousand eight hundred seventy-five Dollars, which said sum plus the pass thru charges (CAM, taxes, insurance) are payable in the amount and manner addressed in, and for the rental period, hereinafter set forth:

| Lease Months | Monthly Rate | Estimated Monthly Pass Thrus | Total Monthly Rent | Annual Total |
|---|---|---|---|---|
| 1-36 months | $3,739.58 | $623.54 | $4,363.12 | $52,357.48 |

**CAM, TAXES, & INSURANCE CHARGES:** Initially, Lessee's pro rata share of Taxes, Insurance Premiums, and Common Area Maintenance charges shall be Seven thousand, Four hundred eight-two and 48/100 ($7,482.48) Dollars. Landlord shall have the right from time to time, at intervals to be selected by Landlord, to compute and adjust the total cost of operating and maintaining the common areas and facilities of the Shopping Center, and after Tenant is notified in writing of any such computation or adjustment Tenant's pro rata share shall be computed on the basis thereof and Tenant shall pay any deficiency within ten (10) days after receipt of the written notice. If Tenant fails to pay within ten (10) days, the late charges as set out below shall be added to the total due.

**PLACE OF PAYMENT:** The Lessee will pay the specified rent and any "additional rent" at the times and in the manner herein provided, to **Pinnacle Properties,** 2206 **Main St., Daphne, AL 36526,** or mailed to same or to such other person or place as the Lessor will designate from time to time.

### THIS LEASE IS MADE UPON THE FOLLOWING TERMS, CONDITIONS AND COVENANTS:

**LEASE TERMINATION:** Lease shall terminate on the 31st day of December 2024. Tenant shall have an ongoing right to terminate this Lease effective any time after the conclusion of the twelfth (12th) month of the Lease Term by providing Landlord with ninety (90) days prior written notice (the "Termination Option"). If Tenant exercises its Termination Option it shall simultaneously issue Landlord with a termination fee (the "Termination Fee") equal to three (3) months of Tenant's then in effect Gross Rent plus unamortized Landlord costs associated with this Lease. This option shall be reciprocal in nature.

**SECURITY:** Lessee will deposit with Lessor the sum of Three thousand Seven Hundred Thirty-Nine and 58/100 ($3,739.58) Dollars as security for the faithful performance and observance by Lessee of the terms, provisions and conditions of this lease. It is agreed that in the event Lessee defaults in respect of any of the terms, provisions and conditions of this lease, including, but not limited to, the payment of rent and additional rent, Lessor may use, apply or retain the whole of any part of the security so deposited to the extent required for the payment thereof or for payment of any other sums which Lessor may be required to expend by reason of Lessee's default including, but not limited to, any damages or deficiency in the re-letting of the Premises, whether such damages or deficiency accrued before or after summary proceeding or other re-entry by Lessor. In the event that Lessee shall fully and faithfully comply with all the terms, provisions, covenants and conditions of this lease, the security shall be returned to Lessee without interest, after the expiration of the lease and delivery of entire possession of the Premises to Lessor.

Lessor Initials: _____

Lessee Initials: _____

1

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

**LANDLORD'S WORK:** Tenant will accept the Premises in its "As-Is" condition.

**LATE CHARGE:** In addition to all other payments provided for in this lease, Lessee shall be assessed with and shall pay a late charge of $50.00, for each rental installment which is delinquent for ten (10) days or more.

**POSSESSION:** The Lessor covenants that the Lessee on paying the fixed minimum rent, and additional rent reserved, if any ("rent"), and performing all the covenants and agreements herein contained shall peaceably and quietly have, hold and enjoy the Premises. However, the Lessor shall not be liable for the failure or inability of the Lessee to obtain possession of the Premises provided the Lessor shall exercise due diligence to place the Lessee in possession. Tenant will receive the space upon execution of the Lease. Tenant is responsible for all separately metered utilities.

**ALTERATIONS:** Lessee will make no alterations in or to the Premises and will not paint any part of the improvements thereon without the written consent of the Lessor or Agent, except as otherwise herein provided, and in no event shall Lessee paint sprinkler heads, if sprinkler system exists on the Premises.

**ADDITIONAL LESSEE'S DUTIES:** Lessee will replace all plate and other glass, if and when broken; and will replace all keys lost or broken, and will pay all bills for sewer, water and light and gas used on the Premises, and will keep the interior of the Premises, together with all electrical, plumbing (above or below the ground), and other mechanical installations and/or systems therein, and interior ceilings, in good order and condition, and will promptly repair all damage suffered as a result of freezing, stoppage or from Lessee's neglect. Should Lessee fail to do or undertake the replacement, maintenance and repair of the items and things herein required of the Lessee, the Lessor may do and undertake the same, after two days' written notice, and the Lessee will pay the Lessor the costs and expenses thereof, together with interest hereon at the highest legal rate, not to exceed 15% per annum, upon demand, and any sum thus due from Lessee to Lessor by virtue hereof shall be secured as additional rent under the terms of this lease.

Lessee shall have the indoor HVAC unit, plumbing & Electrical services and inspected on a semi-annual basis, and shall provide Lessor with a written inspection report from a licensed and bonded HVAC Contractor on a semi-annual basis. Lessee is responsible for changing of all HVAC filters monthly. Lessee will not be responsible for any single tenant item in excess of $1,500.00 in regard to HVAC replacement or repair or other maintenance and repair items. Should ticket item be in excess of $1,500.00, then tenant will be responsible for the initial $1,500.00.

Lessor shall maintain the Premises including any adjacent parking lots and yard areas in a clean and neat condition, keeping all windows and plate glass clean, storing all trash, garbage and rubbish in closed containers or dumpsters providing for prompt and regular removal of same, and Lessee shall not otherwise dispose of or burn any trash, garbage or rubbish on or about the Premises.

**LESSOR RELEASED:** Lessor shall not be liable for any losses or damage sustained by Tenant or any person claiming through Tenant caused by, or growing out of, any breakage, leakage, getting out of order or defective conditions of elevators, heating, air conditioning, other mechanical installations and/or systems, electric wiring, pipes, or plumbing, or any of them, nor shall Lessor be liable for any damage to any property on the Premises caused by, or growing out of, fire, rain, lightning, wind, high water, over-flow water, freezing or other causes.

**ORDINANCES AND NUISANCES:** Lessee will comply at all times and in all respects with all laws and ordinances relating to nuisances, fire, health, safety and sanitation in so far as the Premises and the streets and highways bounding the same are concerned, and the Lessee will not by any act, or omission, render the Lessor liable for any violation thereof. Lessee will not commit any waste of the Premises, or any part thereof, consist of first floor space, adjacent upon the street, or alley, the Lessee will keep the sidewalk and curb in front thereof or adjacent thereto clean, and save harmless the Lessor from all damages or claims for damages for failure so to do. Lessee shall not conduct or permit any activity on the Premises which will result in the emission of loud noises or offensive odors so as to disturb adjacent tenants or property owners.

**OVERLOADING :** Lessee will not overload the building, or its floors, roof, walls or elevators and shall be liable for all damages to the Premises or other consequences of overloading and Lessee assumes the further responsibility to determine the extent to which the Premises may be used without violating this provision.

**DEFAULT:** Upon the happening of any one or more of the events as expressed below in (a) to (I) inclusive (which said events shall separately and severally constitute a default hereunder at Lessor's option), the Lessor shall have the right at the option of the Lessor to: (1) annul and terminate this lease, and thereupon re-enter and take possession of the Premises; or (2) re-enter and re-let the Premises

Lessor Initials: _____

Lessee Initials: _____

2

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

from time to time, and such re-entry and/or re-letting shall not discharge the Lessee from any liability or obligations hereunder, except that net rents (that is, gross rents less the expense of collecting and handling, and less commissions) collected as a result of such re-letting shall be a credit on the Lessee's liability for rents under the terms of this lease. Nothing herein, however, shall be construed to require the Lessor to re-enter and re-let in such event, nor shall anything herein be construed to postpone the right of the Lessor to sue for rents, but on the contrary the Lessor is hereby given the right to demand, collect and/or sue therefor at any time after default:

(a) In the event the Lessee should fail to pay any one or more of said installments of rent as and when the same becomes due, or fail to pay on demand any amount due Lessor and secured as additional rent hereunder.

(b)

(c)In the event an execution or other legal process is levied upon the goods, furniture, effects or other property of the Lessee brought on the Premises, or upon the interest of the Lessee in this Lease.

(d) In the event a petition in bankruptcy or a petition under the Bankruptcy Act, or any amendment thereto, is filed by or against the Lessee or the Lessee is adjudged a bankrupt.

(e)In the event an assignment for the benefit of creditors is made by the Lessee.

(f)In the event of the appointment of a Receiver of Lessee's property.

(g)In the event the Lessee, before the expiration of said term , without the written consent of the Lessor, vacates the Premises or abandons the possession thereof, or uses the same for purposes other than the purposes for which are same are hereby let, or ceases to use the Premises for the purposes herein specified.

(h)In the event that Lessee shall cause or allow a mechanic's and materialman's lien to accrue against the Premises.

(i)In the event the Lessee violates any of the other terms, conditions or covenants on the part of the Lessee herein contained.

**IMPROVEMENTS:** All improvements and additions to the Premises shall adhere to the Premises, and become the property of the Lessor, with the exception of such additions as are usually classed as furniture and trade fixtures. Said furniture and trade fixtures are to remain the property of the Lessee, and may be removed by the Lessee upon the expiration of this lease, provided all terms, conditions and covenants hereof have been compiled with by the Lessee and said Lessee restores the Premises to its original condition, natural wear and tear excepted.

**FIRE/WIND AND OTHER CASUALTIES:** If the Premises shall be damaged or destroyed by fire, flood, windstorm, riot, insurrection or other cause, without fault of the Lessee, then, and in that event, the Lessor shall have the option within sixty (60) days from time such damage shall have occurred to elect whether Lessor shall or shall not repair and restore said building to its original shape and restorations, same shall be completed as soon after such election is made as is practicable, and from time such damage occurs until the repairs are completed, an equitable abatement of rents shall be allowed. Should Lessor fail to elect to repair or restore the Premises, Lessee may at Lessee's election, within thirty (30) days from the expiration of said sixty (60) day period, either terminate this lease or elect to repair or restore the Premises at Lessee's own expense, provided that notification of such election shall be given to Lessor in writing; and provided that if Lessee elects to repair or restore the Premises such repairs or restoration shall be commenced immediately and promptly completed with the exercise of all reasonable diligence. An equitable abatement of rent shall be allowed from the time such damage occurs until the repairs or restoration are completed.

**NOTICES:** Any notice, demand, communication, or election to exercise any option hereunder, whether intended for the Lessor or for the Lessee, shall be in writing, and may be served or delivered in person, or by prepaid U.S. Registered or Certified mail, or by overnight courier service, to the address of the party intended as the recipient thereof as such address is herein stated, or to such other address as the parties hereto may at any time, and from time to time, designate in writing, (and as to notice to Lessor, a copy thereof shall be mailed or delivered to the Agent).

**SIGNS:** The Lessee shall not display or erect, or cause to be painted on or affixed to, the Premises, any lettering, signs, advertisements, awnings, or other projections thereon, without the written consent of the Lessor first sought and obtained, which consent shall not be unreasonably withheld. The Lessee's request thereof shall be in writing and shall contain such information as to the proposed lettering and/or signs as the Lessor may reasonably require.

**SURRENDER:** At the expiration of the tenancy herein created, Lessee shall surrender the Premises in the same condition of cleanliness, repair and sightliness as the Premises were in as of the commencement of this lease unless meanwhile repaired or improved, in which event, from the time of such repairs or improvements as to that portion so repaired or improved, reasonable wear and tear and damage by unavoidable casualty excepted, and shall surrender all keys for the Premises to Lessor at the place then fixed for payment of rent and shall inform Lessor of all combination locks, safes and vaults, if any, in the Premises. Lessee's obligations to observe or perform this covenant shall survive the expiration or other termination of the term of this lease.

**ATTORNEY'S FEE:** In the event that either party shall be required to take any legal action for the enforcement of any of the terms of

Lessor Initials: _PP_

Lessee Initials: _JE_

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

this Lease, whether such employment shall require institution of collection, suit or other legal services required to secure compliance on the part of the defaulting party, the defaulting party shall be responsible for and shall promptly pay to the non-defaulting party the reasonable value of said collection costs, attorney's fees and expenses, court costs, and any and all other expenses incurred by the non-defaulting party as a result of such default.

**EASEMENTS:** No representation on the part of the Lessor, or Agent, is herein contained concerning the existence or not of any rights-of-way, party wall agreements, zoning ordinances, easements, prescriptions, or covenants running with the land affecting the Premises, and to the extent only as such may be determined by a physical inspection of the property and/or as such may be of record in the Probate Court of the County in which the Premises are located, the Lessee takes possession hereunder charged with notice thereof, and is bound to recognize all such rights-of-way, party wall agreements, easements, prescriptions and covenants running with the land, and zoning ordinances, and to indemnify and hold the Lessor harmless for any violations or breaches thereof by said Lessee. Lessor reserves the right to change the location of improvements, parking spaces, parking entrances and access to the Premises.

**INDEMNITY:** The Lessee will indemnify and save harmless the Lessor from all fines, suits, claims, demands and actions of any kind or nature, by reason of any breach, violation or non-performance of any condition hereof on the part of the Lessee. The Lessee will indemnify, protect and save harmless the Lessor herein, from any loss, cost, damage or expense caused by injuries to persons or property, while in, on, or about the Premises; and any and all property of said Lessee which may be located or stored in the Premises shall be at the sole risk of said Lessee. Landlord shall indemnify and defend Tenant and hold it harmless from and against any and all claims, actions, damages, liability and expense including, without limitation, court costs and reasonable attorneys' fees suffered, paid or incurred by Tenant in connection with loss of life, personal injury, and/or damage to or theft or misappropriation or loss of property occurring in or about, or arising from or out of, the Shopping Center (other than the Premises) caused by the intentional and willful misconduct or gross negligence of the Landlord, its agents or employees unless such claim, action, damage, liability or expense is the result of any act or omission of Tenant, its agents, contractors, invitees, customers or employees.

**LIABILITY INSURANCE:** Lessee shall maintain at Lessee's expense public liability insurance covering the Premises and operations of Lessee having limits of liability of not less that $1,000,000 bodily injury per occurrence plus $1,000,000 property damage per occurrence, or a Combined Single Limit of liability not less that $1,000,000 per occurrence. Such policy shall name Lessor and Agent as additional insureds and shall require that Lessor and Agent be given thirty (30) days advance notice in event of cancellation or material change, and shall furnish to Lessor and Agent a Certificate of Insurance as evidence of compliance with this requirement.

**STEAM BOILER:** Lessee is strictly prohibited from installing and operating a steam boiler on the Premises without written permission of Lessor, and such permission will be granted only after Lessee provides satisfactory proof of specific boiler explosion insurance with limits adequate to cover damage to the Premises.

**LESSOR'S RIGHTS CUMULATIVE:** The failure of the Lessor to insist, in any one or more instances, upon a strict performance of any of the covenants of this lease, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future, of such covenant or option, but the same shall continue and remain in full force and effect. The receipt by the Lessor of rent, with knowledge of the breach of any covenant hereof, shall not be deemed a waiver of such breach, and no waiver by the Lessor of any provision hereof shall be deemed to have been made unless expressed in writing, and signed by the Lessor, or Agent.

**SEVERABILITY:** If any term, covenant or condition of this lease or the application thereof to any person or circumstances shall to any extent, be invalid or unenforceable, the remainder of this lease, or the application of such term, covenant or condition to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby and each term, covenant and condition of this lease shall be valid and be enforced to the fullest extent permitted by law.

**HOLDING OVER:** Any holding over after the expiration of the term hereof, without the consent of the Lessor, shall be construed to be a tenancy from month-to-month, subject to all the terms and conditions hereof except that the monthly rental during any such period of holding over shall be in an amount equal to One Hundred Fifty percent (150%) of the monthly rental as specified herein; but nothing in this section shall be construed as consent by Lessor to any holding over or as a waiver of any rights of Lessor otherwise provided for herein. If the Lessee continues to remain in the Premises after the expiration of the said term or after a forfeiture incurred, the Lessor, at any time, whether rent has been accepted by the Lessor or not, reserves the unqualified right, or option to notify the Lessee in writing of this election to terminate the lease or any extension thereof, said termination to be effective at the end of the calendar month in which said notice is given, unless less that ten (10) days remain in said month, in which event the effective date of termination shall be the last day of the calendar month following the date on which notice is given.

**CONDITION:** Nothing herein contained shall be construed as a warranty that the Premises are in good condition or are fit or suitable

Lessor Initials: _____

Lessee Initials: _____

4

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

for the use or purpose for which they are let. However, Lessor will make sure that all electrical, plumbing, and HVAC are good and in working order at rent commencement.

**MAINTENANCE AND REPAIRS:** Lessor shall maintain and keep in good repair the roof, foundation, structural elements, and exterior walls of the buildings located on the Premises, exclusive of glass and doors. However, Lessor shall not be obligated to make any other repairs or do any other work on or about the Premises or to any equipment thereon, and all other repairs and maintenance shall be performed by Lessee. Lessor reserves the right after reasonable twenty-four (24) hours' notice (emergencies excepted) and at any reasonable time to enter upon the Premises himself, his workmen, contractor, architect, artisans and laborers, to make such repairs and to do such work on or about the Premises as Lessor may deem necessary or proper, or that Lessor may be lawfully required to make;. Should the Lessee fail to make any repairs, replacements or fail to undertake any maintenance agreed to by it under this lease, the Lessor may enter the Premises and make such repairs, replacements and undertake such maintenance under the same conditions therein above set out, and the cost thereof shall be payable by the Lessee on demand, together with interest at the highest legal rate not to exceed 15% per annum and which said sum shall be secured as additional rent under the terms of this lease.

**INSPECTION:** Upon reasonable notice to Lessee, Lessor or Agent, reserves the right to visit and inspect the Premises at all reasonable times, and to show the Premises to prospective tenants and purchasers, and to display "For Sale" signs on the Premises, and during the last six (6) months of this lease to display "For Rent" signs on the Premises.

**EMINENT DOMAIN:** If the whole of the Premises shall be taken by Federal, State, County, City, public utility, or other authority for public use or under any statue, or by right of eminent domain, then when possession shall be taken thereunder of the Premises, the term hereby granted and all rights of the Lessee hereunder shall immediately cease and terminate, and the Lessee shall not be entitled to any part of any award that may be made for such taking, nor to any damages therefor except that the rent shall be adjusted as of the date such termination of the lease. If but a part of the Premises be taken by right of eminent domain, this lease shall continue in full force and effect, as to the property remaining, and provided such property remaining is capable of continued use and enjoyment by the Lessee for the uses and purposes provided for hereunder, and the Lessee shall not be entitled to any award that may be made for such taking; nor shall such taking constitute a termination of this lease, or a constructive eviction of Lessee. The rent payable hereunder shall be adjusted as of the time of such taking to equitably reflect the change in the size of the remaining property.

**CONDEMNATION:** In the event the improvements on the Premises are condemned by any Public Authority except under conditions described in the paragraph immediately following, it is agreed and understood that upon notice of such order of condemnation that the Lessor has the option or election to (a) terminate this lease as herein provided, or (b) make the required repairs. If the Lessor elects to terminate this lease he shall give notice thereof in writing to the Lessee within thirty (30) days of the date of the receipt of the order of condemnation from the Public Authority, and the Lessee shall then have thirty (30) days from the receipt of the Lessor's notice to exercise this election, to (a) surrender possession of the Premises or (b) continue in possession and make the required repairs at the Lessee's expense. If the repairs are made by either the Lessor or Lessee as herein provided for, during the actual period of such repairs, it is agreed that there shall be a proportionate abatement of rent. PROVIDED, HOWEVER, that nothing herein contained shall be construed as prohibiting, limiting, diminishing or altering the Lessor's rights to contest, deny, protest or in any other way attack, question or defend the matters involved in such condemnation both as to the facts and the authority of the Public Authority, and in that event the options or elections herein above provided for shall be exercisable in the manner above provided, only after the matters in contest have been judicially determined. The Lessor shall give notice to the Lessee of his election to contest the order of condemnation within thirty (30) days after receipt of the same.

**SAFETY:** If any Public Authority requires structural or other repairs or changes to the Premises here demised, (for example, such as fire extinguisher systems, fire escapes, extra supports and braces), all of any if which are required by virtue of the Lessee's use on the Premises, then such damages, repairs or additions, shall be promptly made after notice thereof, solely at the Lessee's expense, and upon the Lessee failing or refusing to do so, the Lessor may (a) consider this lease in default, or (b) make such repairs, changes or additions, at the Lessee's cost and expense and such sums so expended together with interest thereon at the highest legal rate, not to exceed 15% per annum, shall be payable on demand and be secured as additional rent hereunder.

**ADJOINING PROPERTY:** Lessor does not warrant any rights to light, view or air over adjoining property and any diminution or shutting off of light, view or air by any structure which may exist or be erected adjacent to the Premises shall in no wise affect this lease, or impose any liability on Lessor.

**SUCCESSORS IN INTEREST:** Every provision hereof applicable to the Lessor and every provision hereof applicable to the Lessee shall also bind, apply to and run in favor of "their respective successors in interest, heirs, or personal representatives" as fully as if said quoted words were inserted after the word "Lessor" and "Lessee" wherever they appear herein, except that this provision shall not permit the assignment of this lease, or subleasing of the Premises except on the conditions here imposed.

Lessor Initials: _PP_

Lessee Initials: _JE_

5

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

**MORTGAGE:** This lease shall at all times be subject and subordinate to the lien of any mortgage or mortgages now or hereafter placed upon the Premises, and to all advances made or hereafter to be made upon the security thereof. The Lessee binds and obligates itself to execute and deliver such further instrument or instruments subordinating this lease to the lien of any such mortgage or mortgages at any time same may or shall be desired by any mortgagee or proposed mortgagee or by the Lessor. It is further agreed and understood, however, that whether this lease is subordinate to any such mortgage, or not, the Lessee's absolute right to quiet enjoyment of the Premises shall be maintained so long as Lessee shall pay all rentals and perform all duties required of Lessee hereunder.

**"LESSEE" DEFINED:** The word "Lessee" includes the plural as well as the singular and if there be more than one Lessee, a breach of condition or default by any one shall at the Lessor's option, bind all of the Lessees equally under the terms of this lease. The term Lessee also includes natural persons, partnerships and corporations, other entities, or any   combination thereof.

**ARBITRATION:** Wheresoever herein provision has been made for the abatement of rent or the equitable adjustment thereof as in case of damage by  fire or other causes, eminent domain or condemnation, it is agreed and understood that in the event the Lessor and the Lessee should fail to agree as to the amount of such adjustment or the duration of time that such arbitration, it is further agreed that the Lessor or Lessor's agent shall appoint one (1) arbitrator and the Lessee shall appoint another, and the two (2) arbitrators so appointed shall select a third, and the opinion of the majority of said arbitrators shall in all things be final and binding upon the parties hereto. Any costs incurred in securing arbitration shall be borne equally   by and between Lessor and Lessee.

**RIDERS:**  All riders attached thereto are by reference made a part hereof and any terms of conditions of such rider, in conflict or inconsistent with the printed lease, shall supersede and control.

**CAPTIONS:** The captions of this lease are for convenience only and are not a part of this lease and do not in any way limit or amplify the terms and provisions of this lease.

**LIMITATION OF LIABILITY:** Lessee agrees that there shall be absolutely no personal liability on the part of the Lessor or Agent with respect to any of the terms, covenants and conditions of this Lease. Lessee shall look solely to the interest of the Lessor in the Premises for the satisfaction of each and every remedy of Lessee in the event of any breach of the Lessor, its successor and assigns, of any of the terms, covenants and conditions of this lease to be performed by the Lessor.

**AUTHORITY TO EXECUTE:**  This lease contains the entire and only agreement between the parties concerning the Premises and no oral or written statements or representations, if any, of any party hereto or any representative of a party hereto, not contained in this instrument, shall have any force or effect. This lease shall not be modified in any way except by a writing executed by Lessor and Lessee, and no oral agreement or representations for rental shall be deemed to constitute a lease other than this agreement. This agreement shall not be binding until it shall have been executed by Lessee and Lessor.

**ENVIRONMENTAL INDEMNIFICATION BY LESSEE:**  Lessee shall unconditionally indemnify, defend and hold Lessor harmless from and against all loss, liability, claims, actions, expenses, lawsuits, proceedings, demands, assessments, adjustments and costs (including specifically, but without limitation, reasonable attorneys and consultants fees and expenses of investigation) which solely arise from or are related to Lessee's use of the Premises and  (1) the imposition or recording of a lien, the incurring of cost or required repairs, clean up or detoxification and removal under any Hazardous Materials Law with respect to the Premises or liability to any third party in connection with any violation of a Hazardous Material Law by Lessee; (2) the presence on or under, or the discharge, emission, release or threatened release from the Premises unto the environment arising from the installation, use, generation, manufacture, treatment, handling, refining, production, processing, storage, removal, clean up or disposal of any solid, hazardous material by Lessee at the Premises; (3) loss of value of the Premises as a result of any such lien, clean up, detoxification, loss, liability, damage, expense or claim or a failure or defect in title occasioned by the use of any such hazardous or toxic substance, pollutants, contaminants, or wastes after the commencement date of this lease; and (4) foreseeable and unforeseeable incidental and consequential damages related to the foregoing. Such indemnification shall survive the expiration or other termination of the term of this Lease. Notwithstanding the foregoing, Lessee shall not be responsible for any matter related to Hazardous Material Law or any other matter described in items (1) through (4) herein as it relates to the condition of the Premises which existed prior to the date of the execution of this lease.

**ASSIGNMENT/SUB-LEASING:** Each and every transfer or assignment of this lease by the Lessee or any interest therein, shall be null and void, unless the written consent of the Lessor be first obtained thereto, which consent shall not be unreasonably withheld. Any violation hereof is agreed and understood to constitute a substantial and material breach of condition of this lease, with all of the rights thereunto pertaining as in the case of default for any other cause hereunder.

Lessor Initials: _____

Lessee Initials: _____

6

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

**ADDRESSES FOR NOTIFICATION:**

LESSOR:     **PINNACLE PROPERTIES, LLC &**      **LESSEE Guaranteed Rate, Inc.**
                 **PRITCHETT MOORE**                   Guaranteed Rate, Inc., a Delaware Corporation
                 ATTN: James Pittman, Jr            Attn: Scott Ubersox
                 Address: 2206 Main Street.          3940 N. Ravenswood Ave
                 Daphne, AL 36526                Chicago, IL 60613
                 Phone: 251-626-7704

IN WITNESS WHEREOF, the Lessor and the Lessee have caused this Lease to be executed on its behalf, effective as of the date first hereinabove stated.

LESSOR: Pinnacle Properties, LLC and Pritchett Moore

Print Name: _James Pittman_     Date _12/29/21_

STATE OF _____ )
COUNTY OF _____ )

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day, that being informed of the contents of said instrument, he, with full authority, executed the same voluntarily for and as the act of said limited partnership.

Given under my hand this the _____ day of _____, 2021.

(SEAL)

                                 Notary Public
                                 My commission expires:

LESSEE: Guaranteed Rate, Inc., a Delaware Corporation

DocuSigned by:
_John Elias_
Print Name: _John Elias_        Date _12-30-2021_

Lessor Initials: _____

Lessee Initials: _____

7

DocuSign Envelope ID: 2D487867-1B8A-4F7F-80FC-3A6826B1032F

Lessor Initials: _____

Lessee Initials: _____

8