IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PINNACLE PROPERTIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 23-CV-198-TFM-MU |
| | ) |
| | ) |
| GUARANTEED RATE, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On June 27, 2023, Plaintiff Pinnacle Properties, LLC filed a Motion to Remand to State Court. (Doc. 9). On October 6, 2023, the motion to remand was referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Having considered the notice of removal (Doc. 1), motion to remand (Doc. 9), response in opposition to motion to remand (Doc. 11), and reply brief (Doc. 12), and for the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that the motion to remand be **DENIED**.

## I. Background

This action was originally filed on April 20, 2023, by Pinnacle Properties in the Circuit Court of Baldwin County requesting a declaratory judgment and injunctive relief relating to a commercial lease of property located in Baldwin County. (*See* Doc. 1-1). The Complaint states that on or around December 30, 2021, the lease was entered into between Pinnacle Properties as the lessor and Guaranteed Rate as the lessee for a space in the Baypointe Shopping Center. (*Id*. at PageID.13). The lease term was for 36 months,

with the lease terminating on December 31, 2024. (*Id*. at PageID.13-14). Notably, the lease contained a lease termination provision stating:

> **LEASE TERMINATION:** Lease shall terminate on the 31st day of December 2024. Tenant shall have an ongoing right to terminate this Lease effective any time after the conclusion of the twelfth (12th) month of the Lease Term by providing Landlord with ninety (90) days prior written notice (the "Termination Option"). If Tenant exercises its Termination Option it shall simultaneously issue Landlord with a termination fee (the "Termination Fee") equal to three (3) months of Tenant's then in effect Gross Rent plus unamortized Landlord costs associated with this Lease. This option shall be reciprocal in nature.

(Doc. 17-1; Page ID.132). In January 2023, Guaranteed Rate emailed Pinnacle Properties regarding its intent to exercise the Termination Option. (Doc. 1-1, PageID.17).

The parties now dispute whether the exercise of the Termination Option was effective. Pinnacle Properties' complaint for declaratory judgment requests the court find Guaranteed Rate's "attempt to exercise its Termination Option is invalid and Defendants [sic] rent obligation continues through the end of the three (3) year lease term, and until December 31, 2024." (*Id*. at PageID.15). The complaint also requests "the issuance of Preliminary and Permanent Injunctions ordering Guaranteed Rate to comply with all terms of the Lease for the remainder of the Lease and for any other relief which the Court deems proper." (*Id.*)

On May 26, 2023, Guaranteed Rate filed a notice of removal of this action from the Circuit Court of Baldwin County. (Doc 1). This case was removed under 28 U.S.C. § 1441, with the notice of removal alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. The notice of removal states that removal is proper under § 1332(a), as there is complete diversity of citizenship and the amount in controversy is over the jurisdictional amount of $75,000. (*Id*. at PageID.3-

5). Specifically, Guaranteed Rate calculates the amount in controversy as $87,262.40, which represents the remaining 20 months of rent that would be due if its exercise of the Termination Option was deemed ineffective and the lease remained in effect through the end of the term, as Pinnacle Properties requested. (*Id*. at PageID.4).

## II. Legal Analysis

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218–20 (11th Cir.1997)). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id*. (citations omitted). "While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be 'sufficiently measurable and certain' to satisfy the amount-in-controversy requirement." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (citing *Morrison,* 228 F.3d at 1269 (11th Cir. 2000)). "That requirement is not satisfied if the value of the equitable relief is 'too speculative and immeasurable.'" *Id*. (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir.2000)).

Moreover, a removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, a removing defendant can meet this burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional

3

evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).

In its motion to remand, Pinnacle Properties claims the amount in controversy does not exceed the jurisdictional minimum of $75,000, arguing here that if it was successful in its suit, Guaranteed Rate would only be required to make any missed rental payments, which at this time would not exceed $75,000.[1]  (Doc. 12, Page.ID 103-104).  This argument is similar to that made by the plaintiffs in *Vorce v. Int'l Fellowship of Chaplains*, in which the plaintiffs contended "that the amount in controversy is less than $75,000 because, although the Agreement calls for the payment of $50,000 for the remainder of their natural lives, at the time of removal, only a few monthly payments had been missed." *Vorce*, No. 8:18-CV-2810-T-33AAS, 2019 WL 276196, at *2 (M.D. Fla. Jan. 22, 2019). The court then stated:

> Despite the Vorces' arguments asserted in the Motion to Remand, it is apparent that the Vorces seek the full benefit of the bargain that they struck with the Fellowship - payment of $50,000 for the rest of their natural lives, not merely the recoupment of the missed payments as of the date of removal. The value of the Vorces' claim "determines the amount in controversy" and "[i]n order to ascertain this figure, the Court must identify 'the monetary value of the object of the litigation from the plaintiff's perspective.'" *James v. Wash. Nat'l Ins. Co.*, No. 3:18-cv-628-J-34JRK, 2018 WL 4091001, at *5 (M.D. Fla. Aug. 28, 2018) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)).

*Id*. at *3.

As, in *Vorce*, the Court is not persuaded by Plaintiff's characterization of the amount in controversy.  Pinnacle Properties has specifically asked for a finding that the exercise of the Termination Option was ineffective and that Guaranteed Rate's rent

---

[1] Pinnacle Properties bases this argument on the fact that the default provision in the Lease does not contain an acceleration provision, thereby reasoning that if the Lease were held to be in effect, it could not demand more than the past due rent from Guaranteed Rate.

4

obligations continue *through the end of the term* and further requests an injunction ordering Guaranteed Rate to comply with all terms of the Lease *for the remainder of the term*. Accordingly, the express relief sought by Pinnacle Properties would create an unconditional right to future payments through the end of the term, which may be considered in computing the amount in controversy. *See Indianer v. Franklin Life Ins. Co.*, 113 F.R.D. 595, 600 (S.D. Fla. 1986), overruled on other grounds by *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 220 n.14 (11th Cir. 1997) ("It is well settled that when an unconditional right to future payments exists, the court may consider such payments in computing the amount in controversy."). Further, the value of the declaratory and injunctive relief sought is "sufficiently measurable and certain" because it is simply the remaining rent due under the terms of the lease, which – as even Guaranteed Rate concedes – has been calculated as $87,262.40. Were the Court to grant the relief sought, which represents "the monetary value of the object of the litigation from the plaintiff's perspective," the amount owed under the remainder of the term unquestionably exceeds $75,000. The Eleventh Circuit has also stated that Plaintiff's likelihood of success on the merits is essentially irrelevant to the jurisdiction question. *Vorce*, 2019 WL 276196, at *2 (M.D. Fla. Jan. 22, 2019) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 751(11th Cir. 2010). As a result, it is facially apparent that the relief sought in the complaint exceeds the jurisdictional minimum.

## **CONCLUSION**

For the reasons stated above, the Court finds that the amount in controversy meets the jurisdictional requirement. As a result, this Court has subject matter jurisdiction under

§ 1332(a). Accordingly, the Court **RECOMMENDS** that the motion to remand be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **29th** day of **January, 2024**.

s/P. BRADLEY MURRAY  
UNITED STATES MAGISTRATE JUDGE