IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PINNACLE PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-CV-198-TFM-MU |
| | ) | |
| | ) | |
| GUARANTEED RATE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 14, 2023, Defendant Guaranteed Rate, Inc. filed a counterclaim against Plaintiff Pinnacle Properties, LLC. (Doc. 17). On October 4, 2023, Pinnacle Properties, LLC filed a Motion to Dismiss Counterclaims. (Doc. 21). The motion to dismiss was referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Having considered the counterclaim (Doc. 17), motion to dismiss (Doc. 21), and response in opposition (Doc. 23), and for the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss counterclaims be **DENIED**.

## I. Background

This action was originally filed on April 20, 2023, by Pinnacle Properties in the Circuit Court of Baldwin County requesting a declaratory judgment and injunctive relief relating to a commercial lease of property located in Baldwin County. (*See* Doc. 1-1). The Complaint states that on or around December 30, 2021, the lease was entered into between Pinnacle Properties as the lessor and Guaranteed Rate as the lessee for a space in the Baypointe Shopping Center. (*Id*. at PageID.13). The lease term was for 36 months,

with the lease terminating on December 31, 2024. (*Id.* at PageID.13-14). Notably, the lease contained a lease termination provision stating:

> **LEASE TERMINATION:** Lease shall terminate on the 31st day of December 2024. Tenant shall have an ongoing right to terminate this Lease effective any time after the conclusion of the twelfth (12th) month of the Lease Term by providing Landlord with ninety (90) days prior written notice (the "Termination Option"). If Tenant exercises its Termination Option it shall simultaneously issue Landlord with a termination fee (the "Termination Fee") equal to three (3) months of Tenant's then in effect Gross Rent plus unamortized Landlord costs associated with this Lease. This option shall be reciprocal in nature.

(Doc. 17-1; Page ID.132). In January 2023, Guaranteed Rate emailed Pinnacle Properties regarding its intent to exercise the Termination Option (Doc. 1-1, PageID.17).

The parties now dispute whether the exercise of the Termination Option was effective. Pinnacle Properties' complaint for declaratory judgment requests the court find Guaranteed Rate's "attempt to exercise its Termination Option is invalid and Defendants [sic] rent obligation continues through the end of the three (3) year lease term, and until December 31, 2024." (*Id.* at PageID.15). The complaint also requests "the issuance of Preliminary and Permanent Injunction ordering Guaranteed Rate to comply with all terms of the Lease for the remainder of the Lease and for any other relief which the Court deems proper." (*Id.*)

On May 26, 2023, Guaranteed Rate filed a notice of removal of this action from the Circuit Court of Baldwin County. (Doc 1). Guaranteed Rate also filed an answer to the complaint on June 2, 2023 (Doc. 2). This case was removed under 28 U.S.C. § 1441, with the notice of removal alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. The notice of removal states that removal is proper under § 1332(a), as there is complete diversity of citizenship and the

amount in controversy is over the jurisdictional amount of $75,000. (*Id*. at PageID.3-5). Specifically, Guaranteed Rate calculates the amount in controversy as $87,262.40, which represents the remaining 20 months of rent that would be due if its exercise of the Termination Option was deemed ineffective and the lease remained in effect through the end of the term as requested by Pinnacle Properties.  (*Id*. at PageID.4). In response, Pinnacle Properties filed a motion to remand the case on June 27, 2023.[1]  (Doc. 9).  While the motion to remand was pending, Guaranteed Rate filed its counterclaim on September 14, 2023, asserting claims of: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) wantonness, and (4) declaratory judgment.

## II.  Legal Standard

Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure. The primary purpose of Rule 13 "is to avoid circuity of actions and to enable the court to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims that arose from a single transaction or occurrence." *Grow Group, Inc. v. Industrial Corrosion Control, Inc.*, 601 So.2d 934, 936 (Ala. 1992).  Counterclaims are either compulsory or permissive.  A compulsory counterclaim is one that must be included in an answer "if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a)(1).

This Court has held that "[to] effect the purpose of Rule 13, the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in

---

[1] A Report and Recommendation that Plaintiff's motion to remand be denied  was entered by the undersigned Magistrate Judge on January 29, 2024. (Doc. 29).

any other action." *Univalor Tr., SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 380 (S.D. Ala. 2016). "But this bar applies mainly to *subsequent* litigation." *Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, No. 2:20CV300-MHT, 2021 WL 2392421, at *2 (M.D. Ala. June 11, 2021) (emphasis in original). Thus, as to compulsory counterclaims, Rule 13(a) is "particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *S. Const. Co. v. Pickard*, 371 U.S. 57, 60, (1962).

"Until the 2009 Amendments to the Federal Rules, Rule 13(f) governed the amendment of a pleading to add a counterclaim. Although such amendments are now governed by Rule 15, the underlying standard has not substantially changed: Rule 13(f) was 'administered ... according to the same standard [in Rule 15(a)(2)] directing that leave should be freely given when justice so requires.'" *Alabama Mun. Ins. Corp.*, 2021 WL 2392421, at *1, n.2 (citations omitted). Rule 15(a), "severely restricts" a district court's discretion to deny leave to amend. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). Indeed, the Eleventh Circuit has held that "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (citation omitted).

"The argument for allowing amendment is especially compelling when, as here, the omitted counterclaim is compulsory and thus cannot be asserted in a future case." *Alabama Mun. Ins. Corp.*, 2021 WL 2392421, at *2 (internal quotation omitted). "Unsurprisingly, courts in the Eleventh Circuit liberally allow amendment of pleadings to add compulsory counterclaims." *Id*. (citing *Zirnis v. Huntsville City Bd. of Educ.,* No. 5:18-

CV-01673-AKK, 2019 WL 2501956 at *1 (N.D. Ala. June 17, 2019) (allowing amendment to add compulsory counterclaims under Rule 15(a)); *Parke v. Glover*, No. CIV.A. 09-0327-WS-C, 2009 WL 4016425, at *2 (S.D. Ala. Nov. 18, 2009) (allowing amendment under former Rule 13(f)); *Univalor Tr., SA,* 315 F.R.D. at 380 (describing standards for amendment under Rule 15(a))).

### III.  Discussion

Here, Plaintiff has not argued that the counterclaim caused Plaintiff any prejudice, that it was asserted in bad faith, or any other improper motive. Instead, Plaintiff moves to dismiss the counterclaims solely on the basis that the counterclaim was not asserted at the time the answer was filed. (Doc. 21, PageID.189-90).  This argument does not set forth sufficient grounds for the dismissal of the counterclaim. *See, e.g., Uter v. Peacock*, No. CV 04-0279-CB-C, 2005 WL 8158698, at *2 (S.D. Ala. Apr. 28, 2005) (holding that "the mere passage of time without more is an insufficient reason to deny a motion to amend").  Indeed, the counterclaim was filed before the deadline to amend pleadings and before any discovery has taken place. Moreover, the counterclaim does not expand the scope of this action but rather, because it is based on the same Lease, necessarily involves many of the same facts and arguments raised in Plaintiff's complaint.

Accordingly, the Court finds that the counterclaim should be allowed pursuant to Rule 15, which instructs the court to "freely give" leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has interpreted this phrase to mean that "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because the counterclaim was asserted before the deadline to amend and before any discovery has taken place, and Plaintiff has not alleged any undue delay, bad faith, or prejudice, justice requires the Court recommend granting leave to file the counterclaim and denying the motion to dismiss, so that all claims related to the lease dispute can be determined in this action.

## IV. Conclusion

For the reasons stated above, the Court **RECOMMENDS** granting leave to file the counterclaim and that Pinnacle Properties' motion to dismiss counterclaims be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **2nd** day of **February, 2024**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE